IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| **ETHEL THAXTON-TENSLEY,** | * |
| Plaintiff, | * |
| v. | *   Case No.: GJH-19-1019 |
| | * |
| **UNITED STATES OF AMERICA,** | * |
| Defendant. | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

*Pro se* Plaintiff Ethel Thaxton-Tensley brought this action against the United States of America[1] pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq.*, alleging that her anesthesiologist committed medical malpractice during a right hip arthroplasty. ECF No. 1. Pending before the Court are the United States' Motion to Dismiss or, in the Alternative, for Summary Judgment ("Motion to Dismiss"), ECF No. 11, the United States' Motion to Seal, ECF No. 17, and Plaintiff's Motion for Leave to File Sur-Reply, ECF No. 22. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the following reasons, the United States' Motion to Dismiss is granted, the United States' Motion to Seal is granted, and Plaintiff's Motion for Leave to File Sur-Reply is granted.

---

[1] Plaintiff initially brought her suit against the Department of the Army, *see* ECF No. 1, but Defendant has filed a Motion to Substitute Party and requests that the Court substitute the United States as the defendant. ECF No. 12. "[T]he United States is the only proper party defendant to a FTCA suit." *Moyo v. United States*, No. ELH-12-1857 2013 WL 762971, at *3 (D. Md. Feb. 26, 2013) (internal quotation marks omitted). Here, Plaintiff has brought a personal injury action pursuant to the FTCA, so the United States is the proper defendant. Defendant's Motion to Substitute Party is therefore granted, and the Court will instruct the Clerk to substitute the United States for the Department of the Army as defendant.

1

I.  **BACKGROUND**

On March 2, 2015, Plaintiff had a right hip arthroplasty completed at Fort Belvoir Community Hospital, a United States military establishment in Fort Belvoir, Virginia. ECF No. 1 at 2.[2] Prior to the surgery, Plaintiff informed her anesthesiologist that she did not believe that an epidural would be effective due to a laminectomy she had years prior. *Id.* Regardless, the anesthesiologist attempted an epidural three times before he finally used regular anesthesia. *Id.* Plaintiff suffered permanent nerve damage and has been unable to walk upright since the surgery. *Id.*

On December 28, 2015, the Department of the Army (the "Agency") received a SF-95 Claim Form from Plaintiff that alleged that Plaintiff's operating surgeon had negligently cut a major motor nerve during the arthroplasty. ECF No. 11-2 at 6–7.[3] On May 17, 2017, the Agency sent a letter to Plaintiff's counsel stating that there was "no evidence of negligent or wrongful acts or omissions" as it related to Plaintiff's surgery, but that the Agency would consider a written medical expert opinion if Plaintiff wished to file one. ECF No. 11-3. Plaintiff subsequently submitted a report from Dr. Ivica Ducic, a clinical professor of surgery at George Washington University, that analyzed Plaintiff's condition. ECF No. 11-4. Dr. Ducic stated that it was difficult to determine the cause of Plaintiff's nerve injury because two and a half years had elapsed since the operation. *Id.* The Agency formally denied Plaintiff's administrative claim on October 30, 2018. *Id.*

Plaintiff subsequently filed an FTCA action in this Court on April 4, 2019, alleging that her anesthesiologist had committed medical malpractice that cause her permanent nerve damage.

---

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.
[3] In addressing a motion to dismiss, the Court may consider documents attached to the motion "so long as they are integral to the complaint and authentic." *Philips v. Pitt Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

ECF No. 1. On January 10, 2020, the United States filed a Motion to Dismiss. ECF No. 11. Plaintiff filed a response on February 3, 2020, ECF No. 14, and the United States filed a reply on February 18, 2020, ECF No. 15. The United States filed a Motion to Seal in conjunction with its reply, requesting that medical records attached to the reply be sealed. ECF No. 17. The Motion to Seal is unopposed. On April 6, 2020, Plaintiff filed a Motion for Leave to File Sur-Reply, requesting leave to file a sur-reply addressing issues raised in the United States' reply in support of its Motion to Dismiss. ECF No. 22. The Motion for Leave to File Sur-Reply is also unopposed.

## II.     MOTION FOR LEAVE TO FILE SUR-REPLY

Although not chronological, the first issue to be considered is Plaintiff's Motion for Leave to File Sur-Reply. "As a general rule, this Court will not allow parties to file sur-replies." *Nicholson v. Volkswagen Grp. of Am., Inc.*, No. RDB-13-3711, 2015 WL 1565422, at *3 (D. Md. Apr. 7, 2015) (citing Loc. R. 105.2(a) (D. Md.)). A "party moving for leave to file a surreply must show a need for a surreply." *MTB Servs., Inc. v. Tuckman-Barbee Const. Co.*, No. RDB-12-2019, at *6 (D. Md. Mar. 26, 2013)). The Court may permit a plaintiff to file a surreply if "a defendant raises new legal issues or new theories in its reply brief" or "the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Id.*

Here, by way of background, the United States attached to its reply in support of the Motion to Dismiss the Anesthesia Record from Plaintiff's surgery, and it presents arguments about that report for the first time in the reply. Plaintiff's proposed sur-reply addresses the Anesthesia Record.[4] Because the proposed sur-reply is the first opportunity for Plaintiff to

---

[4] The proposed sur-reply also discusses Plaintiff's *pro se* status and makes an irrelevant argument about personal jurisdiction.

address the contents of the Anesthesia Record and the United States has not opposed Plaintiff's Motion, Plaintiff's Motion for Leave to File Sur-Reply is granted.

### III. MOTION TO DISMISS

#### A. Standard of Review

The United States contends that this case must be dismissed for lack of subject-matter jurisdiction. "It is well established that before a federal court can decide the merits of a claim, the claim must invoke the jurisdiction of the court." *Miller v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006). Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject-matter jurisdiction. *See Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003), *aff'd* 85 F. App'x 960 (4th Cir. 2004). Once a challenge is made to subject-matter jurisdiction, plaintiffs bear the burden of proving that subject-matter jurisdiction exists. *See Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999); *see also Ferdinand-Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 777 (D. Md. 2010).

The Court should grant a Rule 12(b)(1) motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans*, 166 F.3d at 647. In ruling on a motion to dismiss under Rule 12(b)(1), the Court "should regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Ferdinand-Davenport*, 742 F. Supp. 2d at 777 (quoting *Evans*, 166 F.3d at 647); *see also Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.3d 765, 768 (4th Cir. 1991).

#### B. Discussion

The United States contends that the Complaint must be dismissed because Plaintiff has failed to comply with Virginia's mandatory expert certification requirement and because Plaintiff

failed to exhaust administrative requirements with respect to the specific claim in the Complaint. The United States is correct as to both issues.

### i. Expert Certification

"The FTCA permits actions for damages against the United States for injuries caused by the tortious conduct of United States agents or employees acting within the scope of their employment to the extent that a private party would be liable under state law." *Williams v. United States*, 50 F.3d 299, 305 (4th Cir. 1995) (citing 28 U.S.C. § 1346(b)). The allegations in the Complaint relate to conduct that occurred in Virginia, so the FTCA provides that the United States is liable for medical malpractice only to the extent that a private party would be liable under Virginia law. *See id.*

The Virginia Medical Malpractice Act ("VMMA"), VA. CODE ANN. §§ 8.01-581.1 *et seq.*, requires that a party alleging medical malpractice obtain an expert certification of merit prior to serving process upon a defendant.[5] VA. CODE ANN. § 8.01-20.1; *see also Champion v. DiCocco*, No. 16-cv-647, 2018 WL 4087482, at *8 (E.D. Va. Aug. 24, 2018); *Parker*, 475 F. Supp. 2d at 596. "[T]he failure to comply with this certification requirement is grounds for dismissal." *Parker*, 475 F. Supp. 2d at 596–97 (citing VA. CODE ANN. § 8.01-20.1 and listing cases). Moreover, this requirement may only be excused where the "plaintiff, in good faith, alleges a medical malpractice action that asserts a theory of liability where expert testimony is unnecessary because the alleged act of negligence clearly lies within the range of the jury's common knowledge and experience." VA. CODE ANN. § 8.01-20.1. This exception applies only

---

[5] "In Virginia medical malpractice actions, 'a plaintiff must establish not only that a defendant violated the applicable standard of care, and therefore was negligent, the plaintiff must also sustain the burden of showing that the negligent acts constituted a proximate cause of the injury or death.'" *Parker v. United States*, 475 F. Supp. 2d 594, 598 (E.D. Va. 2007). Thus, the expert certification should address both standard of care and proximate causation.

in "rare instances" because only rarely do the alleged acts of medical malpractice fall within the range of a jury's or a factfinder's common knowledge and experience. *Beverly Enterprises-Virginia v. Nichols*, 247 Va. 264, 267 (1994).

Here, Plaintiff contends that a 2016 report by Dr. Kenneth R. Lippman and the Anesthesia Record[6] from the operation at issue demonstrate that she has complied with the VMMA. ECF No. 14 at 1. Neither report, however, satisfies the VMMA's requirement. Dr. Lippman's report states that "*the physician who performed the right total hip arthroplasty* breached the standard of care on March 2, 2015, when he failed to either identify, protect the sciatic nerve or avoid injury to the sciatic nerve." ECF No. 15-1 at 5 (emphasis added). In contrast, the Complaint claims that Plaintiff was provided substandard care during her surgery by the anesthesiologist, not the operating physician, and that this substandard care caused her harm. ECF No. 1. Thus, Dr. Lippman's report cannot serve as the written opinion certifying that the relevant party deviated from the applicable standard of care or proximately caused harm to Plaintiff because it does not reference the conduct of the anesthesiologist.

The Anesthesia Record similarly fails the VMMA requirement. This report is simply a contemporaneous record documenting Plaintiff's procedure, and it does not make any mention of a deviation from the standard of care for Plaintiff's operation nor does it mention any injury, whether caused by such a deviation from the standard of care or otherwise. *See* ECF Nos. 16-1, 16-2. Even though, as Plaintiff contends, it does support Plaintiff's version of events, *i.e.*, the anesthesiologist attempted spinal anesthesia three times before administering general anesthesia, *see* ECF No. 16-2, it cannot satisfy the VMMA's requirement because it does not discuss standard of care or proximate causation. Because Plaintiff has failed to show that a qualified

---

[6] In her response, Plaintiff just refers to "the anesthesiologist report." ECF No. 14 at 5. Both the United States and the Court interpret this as a reference to the Anesthesia Record, and Plaintiff has not objected to this interpretation.

6

expert in the field of anesthesiology has reviewed the case and found that her malpractice claim has merit, she has failed to meet her obligations under the VMMA.[7] Accordingly, the United States' Motion to Dismiss can be granted on this basis.

### ii. Exhaustion

This case must also be dismissed because Plaintiff has failed to exhaust her administrative remedies. The FTCA "requires that before an action may be commenced in court, the claimant must 'present' h[er] claim to the appropriate administrative agency." *Ahmed v. United States*, 30 F.3d 514, 516 (4th Cir. 1994) (quoting 28 U.S.C. § 2675). The FTCA requires further that the "claim be 'presented' to the appropriate agency within two years after the claim accrues." *Id.* (quoting 28 U.S.C. § 2401(b)). "[T]he requirement of filing an administrative claim is jurisdictional and may not be waived." *Id.* (quoting *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986)). To meet exhaustion requirements, the claim presented to the agency must "(1) [be] sufficient to enable the agency to investigate and (2) place[] a 'sum certain' value on [the] claim." *Id.* at 517.

Here, Plaintiff failed to present an administrative claim to the Agency concerning the alleged malpractice of the anesthesiologist. Instead, Plaintiff filed a claim stating that she "underwent a right total hip arthroplasty and during that surgery, a major motor nerve was cut. The standard of care requires that the nerves be identified and protected and the *surgeon* failed to do this." ECF No. 11-2 at 6 (internal citations omitted) (emphasis added). The administrative claim does not reference the conduct of the anesthesiologist, *see* ECF No. 11-2, which is the substance of the claim in the Complaint, *see* ECF No. 1. Although Plaintiff contends that she

---

[7] Plaintiff does not argue, nor could she do so credibly, that her case is a "rare instance" in which "expert testimony is unnecessary because the alleged act of negligence clearly lies within the range of the jury's common knowledge and experience." *See* VA. CODE ANN. § 8.01-20.1; *Beverly Enterprises-Virginia*, 247 Va. at 267.

tried to include her complaint about the anesthesiologist in her administrative claim and her attorney refused, this does not change the fact that she failed to provide the Agency the required notice of her complaint. *See Ahmed*, 30 F.3d at 517. Plaintiff therefore failed to exhaust the administrative requirements, and the United States' Motion to Dismiss will also be granted on this basis.[8]

## IV.   MOTION TO SEAL

The United States asks the Court to seal the medical records that it attached to its reply in support of its Motion to Dismiss. Plaintiff has not opposed this Motion.

A motion to seal must comply with Local Rule 105.11, which provides, in relevant part:

> Any motion seeking the sealing of pleadings, motions, exhibits or other papers to be filed in the Court record shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protections.

Here, the United States explains that the records "contain personal information concerning Plaintiff, including certain details of her medical history and personal medical documentation recorded before and during Plaintiff's surgery." ECF No. 17 ¶ 3. The United States explains further that "[a]lthough [it] has endeavored to redact personally-identifying information from these records, the overall substance of the records is critical to the issues in the case, and redacting all potentially-sensitive portions of the records, while still supporting [the United States' reply], would be difficult. As such, [the United States] does not believe that alternatives to sealing would provide adequate protection." *Id.* ¶ 4. The Court concludes that the United States' request to seal is not overbroad, as it has requested to seal only two documents,

---

[8] The Court's conclusions as to Plaintiff's failure to meet state law and administrative requirements are limited to the claim in the Complaint regarding the conduct of the anesthesiologist. The Court has made no conclusions with respect to Plaintiff's ability to bring a claim regarding the conduct of the operating surgeon.

and the request to seal medical and personal information is proper. *See Rock v. McHugh*, 819 F. Supp. 2d 456, 475–76 (D. Md. 2011); *Briggs v. Washington Hosp. Ctr.*, No. DKC-11-3742, 2012 WL 2915165, at *7 (D. Md. July 16, 2012). The United States' Motion to Seal is therefore granted.

**V.      CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Leave to File Sur-Reply is granted, the United States Motion to Dismiss is granted, and the United States Motion to Seal is granted. A separate Order shall issue.

Date: <u>May   28, 2020</u>                                          /s/_____
                                                                                GEORGE J. HAZEL
                                                                                United States District Judge